Servan v ES Bldrs. Group LLC (2025 NY Slip Op 05184)

Servan v ES Bldrs. Group LLC

2025 NY Slip Op 05184

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Scarpulla, J.P., Friedman, González, Shulman, Rosado, JJ. 

Index No. 24461/20|Appeal No. 4768|Case No. 2024-05921|

[*1]Bryan Mori Servan, Plaintiff-Respondent,
v
ES Builders Group LLC, et al., Defendants-Appellants.

Law Offices of Michael E. Pressman, New York (Stuart Cholewa of counsel), for appellants.
The Weinstein Law Group, PLLC, New York (Rudolf B. Radna of counsel), for respondent.

Order, Supreme Court, Bronx County (Ashlee Crawford, J.), entered September 16, 2024, which granted plaintiff's motion pursuant to CPLR 3126 to strike defendants' answer and schedule an inquest on damages, unanimously reversed, on the law, without costs, and the motion denied without prejudice to renewal.
The court should have denied plaintiff's motion to strike the answer because the affirmation of good faith from plaintiff's counsel failed to comply with Uniform Rules for Trial Courts (22 NYCRR) § 202.20-f(b). Counsel states only perfunctorily that defendants failed to comply with four court orders for a deposition and that he contacted defendants on a certain date to confirm the deposition. Counsel failed to attest that he conducted an in-person or telephonic conference as required by 22 NYCRR 202.20-f(b) (see Steinberg v Bais Yaakov Council, Inc., 237 AD3d 1131, 1132-1133 [2d Dept 2025]). While counsel's affirmation in support of the motion provides additional explanations, such as that "[they] made an effort" to contact defendants' counsel and that "[their] office made [an] effort to confirm the deposition," the affirmation fails to specify the mode of communications, by whom or to whom the communications were made, whether any messages were left, and whether counsel followed up with the attempt to confirm the deposition (see 22 NYCRR 202.7[a], [c]; Amato v Verizon N.Y. Inc., 205 AD3d 406, 406-407 [1st Dept 2022]).
In light of the foregoing, we do not reach the issue of whether defendants' violation of four court orders over a period of two years was willful and contumacious. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025